[Civ. No. 12275. Second Appellate District, Division One.—July 27, 1939.]

HARRY W. STEPHENSON, Petitioner, v. UNEMPLOY- MENT RESERVES COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Hanna & Morgan and Thomas J. Cunningham for Petitioner.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondents.

DORAN, J.—"As a part of a National plan of unemployment reserves and social security, and for the purpose of assisting in the stabilization of unemployment conditions", and as well in an effort contemplated "to assist in protecting the public against the social effects of unemployment which may be created in future years", the legislature adopted "An act to establish a system of unemployment reserves" for the State of California. (Stats. 1935, chap. 352, p. 1226.)

The act provides that it "shall be administered by the Unemployment Reserves Commission of this State, to be appointed by the Governor, by and through the State Department of Employment which is hereby created and of which such commission shall be the governing body". (Stats. 1935, *supra*, p. 1241.) By the terms of the act, "The State of California hereby accepts the provisions of the Wagner-Peyser Act, approved June 6, 1933, passed by the Congress of the United States, and entitled 'An act to provide for the establishment of a National employment system and for cooperation with the States in the promotion of such system, and for other purposes'." (Stats. 1935, p. 1243.) It further provides that "The Division of State Employment Agencies in the Department of Employment shall be the agency of this State for the purposes of said act. Said division by and through its chief shall have full power to cooperate with all the authorities of the United States having powers and duties under said act of Congress and, with the approval of the commission, to do and perform all things necessary to secure to this State the benefits of that act of Congress in the promotion and maintenance of a system of public employment offices." (Stats. 1935, p. 1243.) Thus the Unemployment Reserves Commission is the official agency of the State of California, through which and by means of which the state acts in connection with all details affecting the bargain for relief between the State of California and the United States. The act further provides that "The commission may employ

such assistance as seems to it necessary for the administration of this act, subject to the provisions of the Civil Service laws," and further provides that the commission "Shall adopt and enforce rules and regulations which to it seem necessary and suitable to carry out the provisions of this act." (Stats. 1935, p. 1242.)

On August 28, 1937, petitioner qualified by open competitive examinations conducted by the state personnel board for the positions of field supervisor and, also, manager, local employment office, grade 2, in the division of state employment agencies of the aforesaid Unemployment Reserves Commission, State of California. The positions of field supervisor, and manager, are of the same class and have substantially similar duties, responsibilities, qualifications and salary range.

On or about the 4th day of May, 1938, petitioner was appointed by the Unemployment Reserves Commission to the position of field supervisor, at a salary of $260 per month; petitioner entered upon the performance of his duties on that day. On June 1, 1938, petitioner was transferred by the Unemployment Reserves Commission to the position of manager, local employment office, grade 2, at the same salary as above stated.

Thereafter, namely on September 30, 1938, petitioner was personally served with a letter by the commission notifying him of his dismissal during his probationary period, which letter read as follows:

"September 29, 1938.

"Mr. Henry W. Stephenson,
   "Department of Employment,
      "San Bernardino, California.

"Dear Mr. Stephenson:

"This is notice to you of your separation during the probationary period in the Department of Employment.

"A review of the records on file in your case shows that duplicate claims were filed with the State of California and the County of San Bernardino covering identical services and expenditures for automobile mileage expense. For this and other reasons, it is determined that you have failed to demonstrate the required merit, efficiency, fitness and moral responsibility, and that the good of the service requires your separation from the position which you have filled.

"In accordance with the requirements of Section 122 of the Civil Service Act, this is therefore notification to you of your separation during your probationary period as a field supervisor and manager, grade 2 in the Department of Employment, effective October 5, 1938.

"A copy of this letter will be filed immediately with the Personnel Board.

"Very truly yours,

"DEPARTMENT OF EMPLOYMENT

"CARL L. HYDE, Executive Director

"By ARTHUR ST. CLAIR,

"Personnel Director."

On or about the 7th day of October, 1938, petitioner filed with the state personnel board at Sacramento, an appeal from the aforesaid dismissal, which appeal was heard in Los Angeles on November 15, 1938, before the referee acting in behalf of the board. A purported decision was thereafter rendered in behalf of the board restoring petitioner to civil service status, using the same language contained in the letter of dismissal, namely, "Field Supervisor and Office Manager, Grade 2, Department of Employment". After objections to the referee's report were filed in behalf of the department of employment, the report was set for hearing and the matter was heard before the board at its meeting in Sacramento, on February 3, 1939. Oral arguments of counsel for both petitioner and the department of employment were heard, and the board thereafter reinstated the petitioner, the order for such reinstatement reading as follows:

" . . . Harry W. Stephenson was not rejected by the appointing authority during the probationary period, for reasons relating to the probationary qualifications, or the good of the service, or failure to demonstrate merit, efficiency, fitness, and moral responsibility, in accordance with the law, and that he is hereby *reinstated to his former position* of Field Supervisor and Office Manager, Grade 2, Department of Employment, State of California, as of October 5, 1938." (Italics added.)

The records of the state personnel board now show that petitioner is an employee of the state department of employment with permanent civil service status as manager, local employment office, grade 2.

After the decision by the board on February 3, 1939, petitioner reported for assignment and work, and for his salary from October 5, 1938, to February 3, 1939. The Unemployment Reserves Commission, however, refused to employ petitioner, and also refused to pay any back salary.

Petitioner seeks a writ of mandate to compel his reinstatement and salary payments subsequent to his dismissal.

The controversy results from a dispute as to the authority of two state agencies, *viz.*, the state personnel board, and the Unemployment Reserves Commission.

With regard to the authority of the state personnel board, the Constitution provides in part as follows: "Permanent appointments and promotion in the State civil service shall be made exclusively under a general system based upon merit, efficiency and fitness as ascertained by competitive examination." (Art. XXIV, Const. of Cal.) A method is provided for the creation and selection of the state personnel board and an executive officer. The Constitution further provides that, "Said executive officer shall perform and discharge all of the powers, duties, purposes, functions and jurisdiction hereunder or which hereafter by law may be vested in the board except that the adoption of rules and regulations, the creation and adjustment of classifications and grades, and *dismissals, demotions, suspensions* and other *punitive action* for or in the State civil service shall be and remain the duty of the board and a vote of a majority of the members of said board shall be required to make any action with respect thereto effective." (Italics added.) The following provision is also contained therein: "Sec. 5. (a) The provisions of this article shall be self-executing but legislation not in conflict herewith may be enacted to facilitate its operation." (Art. XXIV, *supra*.)

Following the adoption of the foregoing constitutional provision in 1934, the legislature in 1937 enacted legislation relating to the state civil service, purporting, as the legislation declares, to facilitate the operation of article XXIV above mentioned. Sections 122 and 123 of such legislation (Act 1404, Deering's Gen. Laws, 1937) are as follows:

"Sec. 122. Any probationer may be rejected by the appointing authority during the probationary period for reasons relating to the probationer's qualifications or the good

of the service, or failure to demonstrate merit, efficiency, fitness and moral responsibility. Notice of such action accompanied by the statement of the specific reasons therefor, truthful within the knowledge of the appointing power or other officer or person in charge of the employee, shall be filed by the appointing power with the board and a copy served upon the probationer to give effect to the rejection."

"Sec. 123. After investigation of the reasons for rejection of a probationer, the board may restore such rejected probationer to the eligible list for certification to any position within the class other than the position from which he was rejected."

It is urged by respondents that the state personnel board does not have the authority to reinstate a discharged probationer, and in that regard respondents contend that such board lacks jurisdictional power to restore the probationer to the position from which he was rejected, and is limited to his restoration to the proper eligible list; that if the board could inquire into the truthfulness of the specific reasons given for the rejection, and could after investigation order the rejected probationer restored to his position, the distinction between the rejection of a probationer and the dismissal of a permanent employee would be practically eliminated. In other words, it is respondents' contention that sections 122 and 123 are controlling.

Petitioner, however, maintains that the provisions of section 122 limit the dismissal of a probationer only for specified and limited reasons, and in a specific manner; that under section 35 of the Civil Service Act (Act 1404, *supra*), the state personnel board had the duty and necessarily the power: "To make investigations and hold hearings . . . upon the petition of an employee or a citizen, or upon its own motion, concerning the enforcement and effect of this act and to enforce the observance of the provisions . . . of this act and the rules and regulations made thereunder."

From the standpoint of petitioner it is argued that the provisions of article XXIV of the Constitution are controlling, and that sections 122 and 123, being in conflict therewith must yield, as unconstitutional, to the mandate of article XXIV.

With the exception of sections 122 and 123, above mentioned, no other rule or regulation appears to exist relating

to the action taken by the Unemployment Reserves Commission. It should be noted in this connection that the action taken by the Unemployment Reserves Commission, affecting petitioner, appears to have been neither a "dismissal", "demotion", nor "suspension", nor could such action necessarily be regarded as "punitive". It is with respect to such last-mentioned specific conditions that the state personnel board, as contended by petitioner, claims the exclusive power to act.

Giving consideration to the provisions of the Constitution and the code sections, and with the view of according effect to both, if possible, as elementary rules of construction require, it is reasonable and logical to conclude that there is no real conflict between the two. Sections 122 and 123 are clearly intended to "facilitate" the operation of article XXIV of the Constitution, and being in harmony therewith, cannot be successfully assailed as unconstitutional. The state personnel board is bound to abide by valid acts of the legislature. Confined to a subject to which article XXIV makes no mention, the provisions of sections 122 and 123 amount to no invasion of power vested in the state personnel board by such article.

As heretofore stated in substance, in no sense could the effect of sections 122 and 123 be regarded as a "dismissal", "demotion", "suspension" or "punitive" action, matters with regard to which the state personnel board, by virtue of the Constitution, appears to have exclusive jurisdiction; hence the action of the state personnel board in reinstating or seeking to reinstate petitioner is without legal sanction.

Conceding that the state personnel board has power to conduct hearings as provided by section 35 of the Civil Service Act, neither such section, nor any other to which attention has been directed, vests the personnel board with power to reinstate petitioner after such action as was taken by the Unemployment Reserves Commission during petitioner's probationary period.

Relying upon rule XXVI of the Judicial Council, it is further contended by respondents that the petition herein does not disclose the names of the real parties in interest, or whose interest would be directly affected by the proceeding, for which reason, it is argued, the petition is insufficient. In

that connection it is pointed out by respondents that the Unemployment Reserves Commission is supported largely by the federal government; that the United States Social Security Board contributes over 90 per cent to the support of the Unemployment Reserves Commission; that the United States Employment Service contributes a small percentage, and that the State of California contributes only about 4 per cent. It is unnecessary to decide such issue; moreover, the issue as to the sufficiency of the service on the alleged necessary parties, and the issue as to the statute of limitations, as well as other issues raised by respondents, in view of the conclusions reached herein, require no consideration or determination.

For the reasons stated the peremptory writ is denied and the alternative writ heretofore issued is discharged.

York, P. J., and White, J., concurred.