[Civ. No. 56735. Second Dist., Div. One. Oct. 9, 1979.]

METROPOLITAN WATER DISTRICT OF SOUTHERN
CALIFORNIA et al., Plaintiffs and Respondents, v.
KAREN E. DORFF, as Executive Secretary, etc.,
Defendant and Appellant.

110

COUNSEL

Burke, Williams & Sorensen, Royal M. Sorensen and Mark C. Allen, Jr., for Defendant and Appellant.

Robert P. Will, Carl Boronkay, George F. Flewelling, Richard Paul Gerber and Thomas P. Anderle for Plaintiffs and Respondents.

OPINION

**LILLIE, Acting P. J.**—The Metropolitan Water District of Southern California (Metropolitan) is a public agency engaged in the procuring, storage and delivery of water at wholesale for its member public agencies, which include 12 municipal water districts. In carrying out its

authorized purposes Metropolitan constructs, operates and maintains its water supply facilities and fixes a uniform property tax rate for the payment of its obligations (Metropolitan Water District Act, §§ 124, 307, 308).[1] Calleguas Municipal Water District (Calleguas) is a member of Metropolitan and, as such, distributes for beneficial uses water which it obtains from Metropolitan. Its service area comprises the southerly portion of Ventura County and encompasses a population of approximately 285,000. In October 1978 Calleguas sought Metropolitan's consent for the concurrent annexation to Metropolitan and Calleguas of uninhabited territory in Ventura County, designated as "Calleguas Annexation No. 17," consisting of four parcels of land. By its resolution No. 7764, adopted November 14, 1978, Metropolitan granted the application. Pursuant to section 374 of the Metropolitan Water District Act, the resolution provided that taxable property within the annexed territory was subject to the levy of ad valorem taxes for the payment of Metropolitan's outstanding obligations.[2] On November 14, 1978, Metropolitan directed its executive secretary, Karen Dorff, immediately to transmit a certified copy of the resolution to the governing body of Calleguas (Metropolitan Water District Act, § 373) in order that proceedings for the annexation might be completed. The secretary refuses to comply with such direction on the ground that section 1 of article XIII A of the California Constitution prohibits the imposition of ad valorem taxes in excess of 1 percent on property which was not subject to such taxation prior to July 1, 1978, the effective date of section 1 (art. XIII A, § 5).

Metropolitan and Calleguas filed a petition for a writ of mandate (Code Civ. Proc., § 1084 et seq.) commanding Dorff to certify the resolution and to transmit a certified copy thereof to the governing body of Calleguas. Following issuance of an alternative writ and a hearing on the matter, judgment was entered ordering issuance of a peremptory writ. Dorff appeals from the judgment.

---

[1]The Metropolitan Water District Act (Stats. 1969, ch. 209, as amended) is set forth in Deering's Water—Uncodified Acts, act 9129b, and in West's Water Code—Appendix, chapter 35.

[2]The resolution provided in part: "Section 3. In the event of such annexation: Taxes of general application, comprised of voter-approved indebtedness of Metropolitan prior to the effective date of Article XIII A of the California Constitution, to be levied by Metropolitan on all taxable property within Metropolitan, as authorized by the Metropolitan Water District Act (Stats. 1969, ch. 209, as amended) shall also be levied within the Calleguas Annexation No. 17 area, commencing with the first fiscal year following annexation of said area."

On June 6, 1978, article XIII A of the California Constitution was adopted by the voters of this state as an initiative measure (commonly known as the Jarvis-Gann initiative). In upholding the general validity of article XIII A, our Supreme Court stated that the article "in a number of particulars is imprecise and ambiguous" and characterized it as "a constitutional provision of a kind, similar to many others, which necessarily and over a period of time will require judicial, legislative and administrative construction." (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 244, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].) On this appeal we are required to construe section 1 of article XIII A, which provides: "(a) The maximum amount of any ad valorem tax on real property shall not exceed one percent (1%) of the full cash value of such property. The one percent (1%) tax to be collected by the counties and apportioned according to law to the districts within the counties. [¶] (b) The limitation provided for in subdivision (a) shall not apply to ad valorem taxes or special assessments to pay the interest and redemption charges on any indebtedness approved by the voters prior to the time this section becomes effective [July 1, 1978]." ▉ The precise question presented is whether, under this provision, the real property which will be annexed to Metropolitan after July 1, 1978, is subject to an ad valorem tax in excess of 1 percent to pay interest and redemption charges on indebtedness of Metropolitan approved by the voters prior to that date. Appellant contends that the property to be annexed is not subject to such taxation because it was not included within the territory served by Metropolitan at the time the indebtedness was approved.

▉ As a general rule, in the absence of statute or constitutional provisions to the contrary, territory annexed to a municipal corporation or district is liable to pay its proportionate share of the existing indebtedness of the corporation or district to which it is annexed. (*Linke v. Board of County Com'rs of Grand County* (1954) 129 Colo. 165 [268 P.2d 416, 418]; *Lowe v. City of Bowling Green* (Ky. 1952) 247 S.W. 2d 386, 387; *Barnes v. Kansas City* (1949) 359 Mo. 519 [222 S.W.2d 756, 758-759 [10 A.L.R.2d 553]; *Peterson v. Swan* (1942) 231 Iowa 745 [2 N.W.2d 70, 73]; *Adriaansen v. Board of Education* (1927) 222 App. Div. 320 [226 N.Y.S. 145, 149].) The reason for this rule is expressed as follows in *Linke v. Board of County Com'rs of Grand County, supra,* 268 P.2d at page 420: "It is common justice that the owners of property in the annexed territory should share their proportionate part of the burden legally assumed before their property was annexed, since they

reap the benefits thereof." The rule is reflected in Metropolitan Water District Act section 374, which provides in pertinent part: "If such territory has not previously been annexed to, or consolidated with, such member public agency, upon completion of such annexation to, or consolidation with, such agency in compliance with the applicable provisions of law, including this article, *such territory shall become a part of the district, and the taxable property in such territory shall be subject to taxation for the purposes of such district, including the payment of any authorized or outstanding bonds or other obligations of such district.*" (Italics added.) Appellant argues that section 374 conflicts with the express provisions of section 1 of article XIII A, and therefore is repealed by implication. (See *Martello* v. *Superior Court* (1927) 202 Cal. 400, 405 [261 P. 476]; *Leavitt* v. *Lassen Irrigation Co.* (1909) 157 Cal. 82, 92 [106 P. 404]; *Fenton* v. *Markwell & Co.* (1935) 11 Cal.App.2d Supp. 755, 760 [52 P.2d 297].)

■ The implied repeal of a statute by a later constitutional provision is not favored; in fact the presumption is against such repeal, especially where the prior statute has been generally understood and acted upon. (*Penziner* v. *West American Finance Co.* (1937) 10 Cal.2d 160, 176 [74 P.2d 252]; 73 Am.Jur.2d, Statutes, § 399, p. 513; 16 C.J.S., Constitutional Law, § 43, p. 136.) "To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both [the statute and the constitutional provision] if the two may stand together." (*Penziner* v. *West American Finance Co., supra*, 10 Cal.2d at p. 176; see also *In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980]; *Warne* v. *Harkness* (1963) 60 Cal.2d 579, 587-588 [35 Cal.Rptr. 601, 387 P.2d 377]; *Stephenson* v. *Unemployment R. Com.* (1939) 34 Cal.App.2d 19, 25 [92 P.2d 931].) ■ Article XIII A, section 1, of the California Constitution and section 374 of the Metropolitan Water District Act are not inconsistent and irreconcilable so as to prevent their concurrent operation. The constitutional provision, after declaring that the maximum ad valorem tax on real property shall not exceed 1 percent of its full cash value (art. XIII A, § 1, subd. (a)), goes on to state: "The limitation provided for in subdivision (a) shall not apply to ad valorem taxes or special assessments to pay the interest and redemption charges on any indebtedness approved by the voters prior to the time this section becomes effective." (*Id.*, § 1, subd. (b).) In creating an exception to the 1 percent tax limitation, section 1, subdivision, (b) specifies only the

indebtedness to which the exception is applicable; it is silent regarding the property included within the exception. At this point, section 374 steps in and provides that taxable property annexed to Metropolitan is subject to taxation for payment of authorized or outstanding obligations of Metropolitan. Thus, section 374 complements article XIII A, section 1, and effect may be given to both.

Relying on the principle that arguments presented to the electorate in support of a proposed constitutional provision may be consulted in determining the purpose of the provision (*California Housing Finance Agency* v. *Patitucci* (1978) 22 Cal.3d 171, 177 [148 Cal.Rptr. 875, 583 P.2d 729]; *In re Quinn* (1973) 35 Cal.App.3d 473, 484 [110 Cal.Rptr. 881]), appellant contends that the arguments in favor of the adoption of article XIII A show that the purpose of such constitutional provision is to avoid the burden of excessive taxation of real property. Be that as it may, such arguments cannot supply language which does not appear in section 1, subdivision (b) of article XIII A. That provision creates an exception to the 1 percent ad valorem property tax limitation for the payment of indebtedness approved by the voters before July 1, 1978, but does not state that the exception applies only to real property which was subject to taxation for the payment of such indebtedness prior to that date. ■ "'Courts are no more at liberty to add provisions to what is declared [in the Constitution] in definite language, than they are to disregard existing express provisions [of the Constitution].'" (*Ross* v. *City of Long Beach* (1944) 24 Cal.2d 258, 260 [148 P.2d 649].) (Original inserts.)

Section 374 of the Metropolitan Water District Act was enacted in 1969. (Stats. 1969, ch. 209, § 374.) Pursuant to that statute, which embodies a well established common law principle, taxable property newly annexed to Metropolitan has been consistently subject to taxation for the payment of any authorized or outstanding bonds or other obligations of the district. In the absence of a more clear-cut mandate than the language of section 1, subdivision (b) of article XIII A, we may not presume that such provision abrogated the principle expressed in section 374. (See *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 603 [68 Cal.Rptr. 297, 440 P.2d 497]; *Saala* v. *McFarland* (1965) 63 Cal.2d 124, 130 [45 Cal.Rptr. 144, 403 P.2d 400].)

■ We conclude that section 1 of article XIII A of the California Constitution does not prohibit the levy of an ad valorem tax in excess of

1 percent on property annexed to Metropolitan after July 1, 1978, for the payment of indebtedness of Metropolitan approved by the voters prior to that date.

The judgment is affirmed.

Hanson, J., and Ackerman, J.,* concurred.

A petition for a rehearing was denied November 5, 1979, and appellant's petition for a hearing by the Supreme Court was denied December 6, 1979.

---

*Assigned by the Chairperson of the Judicial Council.