Opinion
 

 PUGLIA, P. J.
 

 Plaintiffs, individual insurance agents and brokers and their trade associations, appeal from a judgment denying the relief sought in a petition for writ of mandate and complaint for declaratory relief. This appeal concerns a provision of Proposition 103, an initiative measure adopted at the November 8, 1988, General Election. The trial court held the provision, which expressly repealed Insurance Code section 1643, impliedly repealed Financial Code sections 772, subdivision (b) and 1208 to the extent they prohibit state banks and their subsidiaries from licensure as, or from acting as, insurance agents or brokers. Accordingly, the trial court declined plaintiffs’ requests to direct the Commissioner of Insurance (Commissioner) to rescind insurance agency and brokerage licenses issued to state banks and to enjoin the licensing of state banks and their subsidiaries as insurance agents or brokers.
 

 On appeal, plaintiffs challenge the trial court’s determination of repeal by implication, noting such repeals are disfavored and arguing the criteria for finding an implied repeal are not met here. Plaintiffs contend (1) there is nothing within Proposition 103 or the ballot materials relating to it which gives undebatable evidence of an intent to supersede the Financial Code provisions at issue here and (2) Proposition 103 may be given effect without affecting those Financial Code provisions because they are not so inconsistent with Proposition 103 as to preclude concurrent operation.
 

 
 *606
 
 We agree with plaintiffs that application of the doctrine of repeal by implication, under the facts here presented, is unwarranted. Nonetheless, plaintiffs are not entitled to all of the relief they seek. The clear intent of the initiative was to allow state banks to sell insurance, and there is nothing within the provisions of Financial Code sections 772, subdivision (b) or 1208 which precludes that intent from being fully implemented. However, neither the initiative nor the accompanying ballot materials suggest the measure had any application to bank subsidiaries. Accordingly, since Financial Code section 772, subdivision (b) survives the passage of Proposition 103, it continues to preclude bank subsidiaries from licensure as, or from acting as, insurance agents or brokers.
 

 I
 

 Of the five initiative measures on the November 1988 ballot relating to insurance, Proposition 103 was the only one that received a majority of the votes for passage. The defining hallmark of Proposition 103 is a provision requiring that premiums for motor vehicle, fire and liability insurance policies issued or renewed after November 8, 1988, be reduced 20 percent below the rates in effect on November 8, 1987. (Ins. Code, § 1861.01, subd. (a).) The initiative also prohibits insurers, subject to limited exceptions, from cancelling or refusing to renew automobile insurance policies. (Ins. Code, § 1861.03, subd. (c).) Another provision of Proposition 103 repealed Insurance Code section 1643.
 
 [1]
 
 That section, with limited exceptions, prohibited banks, bank holding companies, and their subsidiaries and affiliates from being licensed as, or from acting as, insurance agents or brokers. Financial Code sections 772, subdivision (b) and 1208 deal generally with the same subject matter in respect to banks and their subsidiaries but are not mentioned in Proposition 103.
 

 On the day following passage of Proposition 103, a number of insurance companies jointly commenced a proceeding in the California Supreme Court challenging the constitutionality of the initiative on various grounds. The Supreme Court decided that case in May 1989 and upheld the initiative against most of the claims of unconstitutionality.
 
 (Calfarm Ins. Co.
 
 v.
 
 Deukmejian
 
 (1989) 48 Cal.3d 805 [258 Cal.Rptr. 161, 771 P.2d 1247].)
 

 While
 
 Calfarm
 
 was pending, several state banks filed applications with the Commissioner for licenses to sell general lines of insurance. Over the objection of plaintiffs, the Commissioner announced the Department of
 
 *607
 
 Insurance would not reject an application from a state-chartered bank for an insurance agency or brokerage license. In taking this position, the Commissioner relied upon a January 4, 1989, “interpretive opinion” of the Superintendent of Banks (Superintendent) which concluded Proposition 103 impliedly repealed Financial Code sections 772, subdivision (b) and 1208.
 

 Shortly thereafter, the Commissioner began to license state-chartered banks as insurance agents. The Commissioner made plain an intent to continue to issue such licenses to banking organizations as applications were received and processed.
 

 Plaintiffs then initiated in superior court the action from which this appeal arises, asking the court to: (1) declare the Superintendent’s “interpretive opinion” legally erroneous in its conclusion that Proposition 103 impliedly repealed Financial Code sections 772, subdivision (b) and 1208; (2) direct the Commissioner to rescind the licenses issued to banks pursuant to the invalid interpretation; and (3) enjoin the Commissioner from further licensing of banks to engage in the general insurance agency or brokerage business.
 

 Following hearing and argument, the trial court denied the requested relief, ruling Proposition 103, in expressly repealing Insurance Code section 1643, by implication repealed Financial Code sections 772, subdivision (b) and 1208, thereby eliminating any statutory impediments to the licensure of banks and their subsidiaries as insurance agents or brokers.
 

 II
 

 Before turning to the merits, we set forth the relevant provisions of those sections of the Insurance Code and Financial Code which are implicated in this action. With limited exceptions not relevant here, Insurance Code section 1643, which was expressly repealed by Proposition 103, provided that no bank, bank holding company, subsidiary, or affiliate thereof may be licensed as or act as an insurance agent or broker in California. Thus, Insurance Code section 1643 operated as a general prohibition against banks and their subsidiaries engaging in the insurance business.
 
 [2]
 

 
 *608
 
 Financial Code section 1208 provides a commercial bank located in a place not exceeding 5,000 in population “may act as agent for any fire, life or other insurance company authorized to do business in California ... if the bank is engaged in such business on October 1, 1949, and is duly licensed under the Insurance Code[.]”
 
 [3]
 

 Financial Code section 772 states in relevant part: “(a) [A] bank may invest in the capital stock, obligations, or other securities of one or more corporations. [¶] (b) No such corporation may act as an insurance company, insurance agent, or insurance broker.”
 
 [4]
 

 In his interpretive opinion the Superintendent concluded that in light of the express repeal of Insurance Code section 1643, Proposition 103 impliedly repealed Financial Code section 1208 to the extent that section constitutes an implicit denial of plenary authorization to banks (except for those banks expressly so authorized therein) to engage in the insurance business, and impliedly repealed subdivision (b) of Financial Code section 772 to the extent that section prohibits corporations in which banks have invested from acting as insurance agents or brokers. The trial court agreed with the Superintendent’s conclusions and held that banks and their subsidiaries may now engage in the insurance agency and brokerage business.
 

 
 *609
 
 We agree with the trial court’s conclusion that as a result of Proposition 103’s express repeal of Insurance Code section 1643,
 
 banks
 
 may now engage in the insurance agency and brokerage business. However, we disagree with the trial court’s conclusion that Proposition 103 impliedly repealed Financial Code section 772, subdivision (b). Neither the initiative itself nor the accompanying ballot materials in any way suggested the measure was designed to allow bank
 
 subsidiaries
 
 to act as insurance agents or brokers. In the absence of any such evidence, and because the continuing viability of Financial Code section 772, subdivision (b) may be harmonized with the provisions of the initiative, bank subsidiaries may not engage in the insurance agency and brokerage business. Furthermore, we disagree with the trial court’s conclusion that Proposition 103 impliedly repealed Financial Code section 1208. Nevertheless, that does not alter our conclusion that express repeal of Insurance Code section 1643 removes all statutory impediments to banks engaging in the insurance agency and brokerage business because there is nothing contained in Financial Code section 1208 that prohibits them from doing so.
 

 Ill
 

 We address first the issue whether Proposition 103 was intended to allow banks to be licensed as and to act as insurance agents and brokers. Although plaintiffs make several claims in support of their assertion the measure intended no such result, their arguments lack both merit and conviction.
 

 In ascertaining the meaning of an initiative, a court first looks to the language in which it is framed. (Cf.
 
 AFL-CIO
 
 v.
 
 Deukmejian
 
 (1989) 212 Cal.App.3d 425, 433 [260 Cal.Rptr. 479].) “If the language is clear, the [initiative] statute must be enforced according to its terms.”
 
 (Ibid.)
 
 “ ‘[It] is a settled principle in California law that “When statutory language [in an initiative] is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it.” [Citation.]’ ”
 
 (In re Lance W.
 
 (1985) 37 Cal.3d 873, 886 [210 Cal.Rptr. 631, 694 P.2d 744].)
 

 The language of Proposition 103 unambiguously demonstrates the voters intended to remove restrictions on banks engaging in the insurance business and to permit them to sell all lines of insurance. Proposition 103 expressly repealed Insurance Code section 1643, the sole statutory prohibition forbidding banks from licensure as, or from acting as, insurance agents. Section 2 of Proposition 103 states that among its purposes are “to encourage a competitive insurance marketplace . . . and to ensure that insurance is fair, available, and affordable for all Californians.” (Prop. 103, § 2.) These words, when read “ ‘ “in a sense which harmonizes with the subject-matter
 
 *610
 
 and the general purpose and object” ’ ” of the measure
 
 (Creighton
 
 v.
 
 City of Santa Monica
 
 (1984) 160 Cal.App.3d 1011, 1018 [207 Cal.Rptr. 78]), leave no doubt the voters intended to make insurance more competitive by allowing banks to compete in the insurance marketplace. To accomplish that, Insurance Code section 1643 prohibiting banks from that activity was expressly repealed.
 

 While we believe the initiative is clear on its face, a resort to extrinsic interpretive materials buttresses our conclusion the measure was intended to allow banks to enter the insurance marketplace. In ascertaining the intent of the voters, it is appropriate to consider the ballot pamphlet in which a measure is presented, including the summary, analysis and arguments.
 
 (Legislature
 
 v.
 
 Deukmejian
 
 (1983) 34 Cal.3d 658, 673, fn. 14 [194 Cal.Rptr. 781, 669 P.2d 17].)
 

 Plaintiffs argue there “is no hint anywhere in the ballot materials” that Proposition 103 would permit banks “unfettered entry” into the business of selling insurance. Yet, the Attorney General’s ballot summary for Proposition 103 states the initiative “[a]uthorizes insurance activities by banks,” an object which is consistent with the stated intent “to ensure that insurance is fair, available, and affordable for all Californians” (Prop. 103, § 2).
 
 [5]
 

 Plaintiffs acknowledge “the Attorney General’s summary may be one indication of the voters’ intent,” but assert the phrase “insurance activities” is too vague to be meaningful. However, besides section 7 which repeals Insurance Code section 1643, there is no other operative provision of Proposition 103 which specifically addresses insurance activities of banks. The only referent of the statement in the ballot summary that the initiative “authorizes insurance activities by banks” is section 7 which repeals Insurance Code section 1643. Thus, activities prohibited by Insurance Code section 1643 are included in, if not coterminous with, the “insurance activities” referred to in the ballot summary. By voting to repeal Insurance Code section 1643, the electorate intended at least to permit those activities previously prohibited by force of that section alone.
 
 [6]
 

 We note the issue whether Proposition 103 was designed to allow banks to enter the insurance marketplace was addressed, albeit briefly, in
 
 Calfarm,
 
 
 *611
 

 supra,
 
 48 Cal.3d 805. One of the challenges to Proposition 103 in
 
 Calfarm
 
 was that the measure violated the single-subject rule (Cal. Const., art. II, § 8, subd. (d)) because, inter alia, the repeal of laws that prohibited banks from selling insurance was not related to and would not further the goals of the measure. (48 Cal.3d at p. 841.) In rejecting this contention the
 
 Calfarm
 
 court held: “It is apparent that one could reasonably believe that . . . permitting banks to compete in selling insurance will lower the cost of insurance. [W]e do not review initiatives by attempting to predict whether each section actually will further the initiative’s purpose. Instead, we inquire only whether the provisions are ‘reasonably germane’ to the general purpose or objective of the initiative. [Citation.] All of the provisions of Proposition 103 relate generally to the cost of insurance or the regulation thereof, and all (including those of which intervenor complains [i.e., allowing banks to sell insurance]) at least arguably will help to achieve the goal of making insurance more affordable and available. We therefore find no violation of the single-subject rule.”
 
 (Id.
 
 at pp. 841-842.)
 

 We are enjoined to give meaning and effect to every part of an act in pursuance of the legislative purpose.
 
 (Select Base Materials
 
 v.
 
 Board of Equal.
 
 (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) We also presume from the repeal of a statute an intent to effect a substantial change in the law.
 
 (People
 
 v.
 
 Dillon
 
 (1983) 34 Cal.3d 441, 467 [194 Cal.Rptr. 390, 668 P.2d 697].) “The general objective of the [measure] is a prime consideration; it is to be construed with a view to promoting rather than defeating its general purpose.”
 
 (Redevelopment Agency
 
 v.
 
 Malaki
 
 (1963) 216 Cal.App.2d 480, 487 [31 Cal.Rptr. 92].) One of the main purposes of Proposition 103 as set forth in the ballot summary was to allow banks to engage in insurance activities. The voters’ express repeal of Insurance Code section , 1643 was the essential step in reaching that objective.
 

 IV
 

 Having concluded the intent of the initiative was to allow banks to enter the insurance marketplace, we address the question whether there is any existing statutory impediment to implementing this intent. The trial court concluded that because Financial Code section 1208 expressly permits only a limited class of banks restricted access to the insurance marketplace, that section by implication denies all other banks authority to engage in the insurance business. Although it found a prohibitive dimension to Financial Code section 1208, the trial court held that this implicit prohibition did not prevent banks from engaging in insurance activities because it concluded Proposition 103 had impliedly repealed Financial Code section 1208.
 

 Plaintiffs agree with the trial court that Financial Code section 1208 has an implicit prohibitive dimension but take issue with the trial court’s deter-
 
 *612
 
 initiation that section 1208 has been repealed by implication. Plaintiffs argue the evidence is “debatable” whether or not the voters intended to eliminate all hurdles to bank entry into the business of selling insurance. Noting Proposition 103 makes no mention of Financial Code section 1208, plaintiffs contend this omission was deliberate because the Financial Code prohibits insurance
 
 activities
 
 by banks and has a different purpose than the prohibition against
 
 licensure
 
 of banks to engage in such activities formerly contained in Insurance Code section 1643. The gist of plaintiffs’ argument is that the voters’ repeal of Insurance Code section 1643 was intended to do nothing more than remove the prohibition precluding banks from being
 
 licensed
 
 to sell insurance. But since Proposition 103 did not mention Financial Code section 1208, there is no reason to believe the voters intended to remove the barriers prohibiting banks from actually
 
 selling
 
 insurance. Plaintiffs assert the voters were content to await future action by the Legislature or state or federal bank regulators to remove what they contend is the implied prohibition in Financial Code section 1208 against banks actually selling insurance.
 
 [7]
 

 Viewed most generously, the persuasive force of plaintiffs’ arguments is exceedingly exiguous. Plaintiffs’ claims assume (1) former Insurance Code section 1643 did nothing more than preclude the licensing of banks to sell insurance, and (2) Financial Code section 1208 is somehow repugnant to the electorate’s decision taken through the repeal of Insurance Code section 1643 to allow banks to enter the insurance business. Both assumptions are patently erroneous.
 

 First, former Insurance Code section 1643 did more than merely prohibit the licensing of banks to sell insurance. By its terms, that section also prohibited banks from “act[ing] as an agent or broker for insurance.” (See fn. 2,
 
 ante.)
 

 Second, as earlier indicated, the ballot summary stated Proposition 103 “[a]uthorizes insurance activities by banks.” This statement of purpose is not merely hortatory, a call for future legislation. Indeed, the initiative calls for immediate implementation of its provisions and not in gradual or piecemeal fashion. (Cal. Const., art II, § 10, subd. (a); see Prop. 103, § 3.)
 

 
 *613
 
 Finally, and most importantly, there is nothing within Financial Code section 1208 which is inconsistent with the notion that all banks may now enter the insurance marketplace. Financial Code section 1208 is an express
 
 grant
 
 of authority to a limited class of banks to sell specified types of insurance. (Stats. 1919, ch. 337, § 1, p. 622; see Tenth-Annual Rep. of the Superintendent of Banks (1919) pp. 15-16.) It does not, merely because of its limited permissive application, impliedly prohibit all banks not described therein generally from selling insurance. The legislative history of the section confirms this interpretation. (Tenth-Annual Rep. of the Superintendent of Banks,
 
 supra,
 
 at pp. 15-16; see also
 
 Independent Ins. Agents
 
 v.
 
 Bd. of Governors
 
 (8th Cir. 1984) 736 F.2d 468, 477, fn. 6;
 
 Independent Bankers Ass’n
 
 v.
 
 Heimann
 
 (D.C. Cir. 1979) 613 F.2d 1164, 1170; cf.
 
 Saxon
 
 v.
 
 Georgia Ass’n of Independent Ins. Agents, Inc.
 
 (5th Cir. 1968) 399 F.2d 1010, 1013-1014.) And if there were any doubt that Financial Code section 1208 has this effect, that doubt is resolved by Corporations Code section 206, which authorizes “a corporation subject to the Banking Law . . . [to] engage in any business activity not prohibited by the respective statutes and regulations to which it is subject.”
 

 Prior to Proposition 103, the
 
 sole
 
 statutory provision prohibiting banks from being licensed as, or from acting as, insurance agents or brokers was Insurance Code section 1643. That barrier has now been removed by the passage of the initiative measure. Because nothing in Financial Code section 1208 provides to the contrary, there is no legitimate issue of its implied repeal by Proposition 103 tendered by this litigation.
 

 IV
 

 As we have noted, Financial Code section 772, subdivision (a) authorizes state-chartered banks to invest in the securities of one or more corporations, but subdivision (b) provides: “No such corporation may act as an insurance company, insurance agent, or insurance broker. . . .” Before its repeal, Insurance Code section 1643, also prohibited bank subsidiaries, as well as banks from acting as or being licensed as insurance agents or brokers.
 
 [8]
 

 The trial court concluded the only way to give effect to the intent of the electorate in repealing Insurance Code section 1643 was to find Financial Code section 772, subdivision (b) has been repealed by implication. That conclusion was based on the principle that a repeal by implication will be found (1) where the two acts are so inconsistent that there is no
 
 *614
 
 possibility of concurrent operation, or (2) where the later provision gives undebatable evidence of an intent to supersede the earlier.
 
 (Hays
 
 v.
 
 Wood
 
 (1979) 25 Cal.3d 772, 784 [160 Cal.Rptr. 102, 603 P.2d 19].)
 
 [9]
 

 In our view, there is no inconsistency between the provisions of Financial Code section 772, subdivision (b) and those of Proposition 103 such as to warrant a finding of repeal by implication. There is a strong presumption against the implied repeal of a statute or constitutional provision by subsequent enactment. (See
 
 Western Oil & Gas Assn.
 
 v.
 
 Monterey Bay Unified Air Pollution Control Dist.
 
 (1989) 49 Cal.3d 408, 419-420 [261 Cal.Rptr. 384, 777 P.2d 157];
 
 Hays
 
 v.
 
 Wood, supra,
 
 25 Cal.3d at p. 784.) “The presumption against implied repeal is so strong that, ‘To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.’ [Citation.] There must be ‘no
 
 possibility
 
 of concurrent operation.’ [Citation.] Courts have also noted an implied repeal should not be found unless *. . .the later provision gives
 
 undebatable evidence
 
 of an intent to supersede the earlier . . . .’” (Italics in original;
 
 Western Oil & Gas Assn., supra,
 
 49 Cal.3d at pp. 419-420.)
 

 Moreover, it has been held a claim of repeal by implication should be viewed with even greater than ordinary circumspection when the claim stems from the express repeal of another statute. “ ‘[W]hen the legislature repeals certain acts and excludes mention of other acts even though they refer to the same subject, it is the intention of the legislature to leave standing those acts which are not mentioned.’ ”
 
 (People
 
 v.
 
 Deibert
 
 (1953) 117 Cal.App.2d 410, 417 [256 P.2d 355].)
 

 The first test for implied repeal is to determine whether there is “undebatable evidence” the later act was intended to supersede the earlier.
 
 (Hays
 
 v.
 
 Wood, supra,
 
 25 Cal.3d at p. 784.) Proposition 103 is silent with regard to intent to allow bank subsidiaries either to sell insurance or to be licensed as insurance agents or brokers. Although the initiative did repeal Insurance Code section 1643, that in itself does not provide the undebatable evidence necessary to conclude both banks and their subsidiaries were to be allowed to enter the insurance business.
 

 Similarly unhelpful are the ballot materials accompanying the initiative. Although in his summary the Attorney General indicated the effect of the
 
 *615
 
 initiative was to allow banks to sell insurance, the summary made no mention of subsidiaries. The Attorney General’s summary “cannot supply language which does not appear [on the face of the initiative]”
 
 (Metropolitan Water District
 
 v. Dorff (1979) 98 Cal.App.3d 109, 115 [159 Cal.Rptr. 211]). A fortiori, the failure of the summary to include language otherwise lacking from the initiative is even more conclusive. There is no hint either in the initiative itself or in the accompanying ballot materials that Proposition 103 was designed to allow bank subsidiaries entry into the insurance business.
 
 [10]
 

 This analysis is buttressed by reference to Proposition 100, one of the four other initiative measures on the same ballot designed to affect the insurance industry in California. In his interpretive opinion, the Superintendent concluded reference to Proposition 100 was proper in light of the fact that this initiative, like Proposition 103, also concerned both banks and insurance. Like Proposition 103, Proposition 100, which failed to pass, would have expressly repealed Insurance Code section 1643. (Prop. 100, § 11) Unlike Proposition 103, Proposition 100 also would have expressly repealed Financial Code section 772, subdivision (b). (Prop. 100, § 11) Noting the Attorney General’s ballot summary for both Propositions was the same with regard to banks and insurance—i.e., “[authorizes insurance activities by banks”—the Superintendent reasoned “banks” as used in the summaries referred both to banks and to their subsidiaries. The Superintendent thus concluded that even though Proposition 103 made no express reference to Financial Code section 772, subdivision (b), the clear intent of the initiative was to allow both banks and their subsidiaries to enter the insurance marketplace.
 

 We agree with the Superintendent that in the unique circumstances of the November 1988 General Election in which there were five initiative measures relating to insurance on the ballot, two of which, Propositions 100 and 103, addressed both insurance and banks, resort to Proposition 100 as an interpretive aid is warranted. However, we disagree with the Superintendent’s conclusion that Financial Code section 772, subdivision (b) was impliedly repealed by the passage of Proposition 103. There was a substantial difference between Proposition 100 and Proposition 103: Proposition 103 made no mention whatsoever of section 772, subdivision (b). While the Superintendent labeled this failure an “insignificant point of detail,” we think otherwise. In rejecting Proposition 100 the voters rejected the express repeal of Financial Code section 772, subdivision (b). This rejection is not insignificant.
 

 
 *616
 
 The trial court also seemed to suggest that, absent a finding Financial Code section 772, subdivision (b) was impliedly repealed, the voters who approved Proposition 103 would be penalized for the failure of its drafters expressly to include repeal of an “obscure” provision such as Financial Code section 772, subdivision (b). Yet, those who drafted Proposition 100 were obviously aware of that section, and the drafters of Proposition 103 were aware of the provisions of Proposition 100, as they urged the electors to vote “ ‘Yes’ ” only on Proposition 103.
 

 “The enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted. [Citation.] This principle applies to legislation enacted by initiative. [Citation.]”
 
 (People
 
 v.
 
 Weidert
 
 (1985) 39 Cal.3d 836, 844 [218 Cal.Rptr. 57, 705 P.2d 380].) We do not find in the record undebatable evidence the electorate, aware of the prohibitions contained in Financial Code section 772, subdivision (b), prohibiting bank subsidiaries from licensure as, or from acting as, insurance agents or brokers, intended to repeal them. In the absence of such undebatable evidence, we may not venture beyond the plain meaning of the initiative.
 

 The second test for implied repeal, whether the provisions of the sections at issue are so completely inconsistent that they cannot coexist, is likewise not satisfied in this case. The courts are bound to maintain the integrity of both the later and preexisting statutes if there is any possibility of concurrent operation.
 
 (Western Oil & Gas Assn., supra,
 
 49 Cal.3d at pp. 419-420.) The provisions of Proposition 103 and those of Financial Code section 772, subdivision (b) can be reconciled. By repealing Insurance Code section 1643, the voters manifested their intent to allow banks into the insurance business. By
 
 failing
 
 to repeal the provisions of Financial Code section 772, subdivision (b), they continued the prohibition against bank subsidiaries entering into such business. These acts are not so inconsistent that they cannot stand together. Indeed, they are not inconsistent at all. The repeal of Insurance Code section 1643, by removing the long-established barrier to banks themselves selling insurance, has significance in and of itself whether or not bank subsidiaries are granted a like indulgence.
 

 If there is a question as to the wisdom of allowing banks, but not their subsidiaries, to enter the insurance business, it is a sufficient answer that the wisdom of the initiative measure is not before us. The courts “ ‘ “must follow the language used and give to it its plain meaning, whatever may be thought of the wisdom, expediency, or policy of the act, even if it appears probable that a different object was in the mind of the legislature.” ’ [Citation.]”
 
 (People
 
 v.
 
 Weidert, supra,
 
 39 Cal.3d at p. 843.) Accordingly, this court is in no position to expand upon the express terms of the initiative in
 
 *617
 
 order to further some hidden but assertedly wise objective of the voters. (Cf.
 
 Metropolitan Water District
 
 v.
 
 Dorff, supra,
 
 98 Cal.App.3d at p. 115.)
 

 Our preference for literalism is compelled by the constitutional doctrine of separation of powers. “ ‘It is an elementary proposition that courts only determine by construction the scope and intent of the law when the law itself is ambiguous or doubtful. ... To allow a court ... to say that the law must mean something different from ... its language, because the court may think that its penalties are unwise or harsh would make the judicial superior to the legislative branch of the government, and practically invest it with lawmaking power. The remedy ... is not in interpretation but in amendment or repeal.’ ” (Fn. omitted; 2A Sutherland, Statutory Construction (4th ed. 1984) § 46.03, p. 82.)
 

 The judgment is affirmed insofar as it denies plaintiffs’ request for a writ of mandate commanding the Commissioner to cease granting insurance license applications to banks and to rescind any such license previously issued to banks. The judgment is otherwise reversed and the matter remanded to the trial court with directions to issue a writ of mandate commanding the Commissioner to cease granting insurance license applications to bank subsidiaries and to rescind any insurance license previously issued to any such entity. The parties shall bear their own costs on appeal.
 

 Sparks, J., and Scotland, J., concurred.
 

 A petition for a rehearing was denied September 23, 1991, and appellants’ petition for review by the Supreme Court was denied November 14, 1991. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 Section 7 of Proposition 103 reads: “Sections 1643, 1850, 1850.1, 1850.2, 1850.3, 1852, 1853, 1853.6, 1853.7, 1857.5, 12900, Article 3 (commencing with Section 1854) of Chapter 9 of Part 2 of Division 1, and Article 5 (commencing with Section 750) of Chapter 1 of Part 2 of Division 1, of the Insurance Code are repealed.”
 

 [2]
 

 At the time of its repeal Insurance Code section 1643 provided in relevant part: “No bank, or bank holding company, subsidiary, or affiliate thereof, or any officer or employee of a bank, bank holding company, subsidiary, or affiliate, may be licensed as an insurance agent or broker, or act as an agent or broker for insurance, in this state, or control a licensed insurance agent or broker, except that a bank or a bank holding company, subsidiary, or affiliate of a bank, may be issued a license to act as a life and disability insurance agent limited to the transaction of credit life and disability insurance, or an agent limited to the transaction of
 
 *608
 
 insurance which is limited solely to assuring repayment of the outstanding balance due on a specific extension of credit by a bank or bank holding company or its subsidiary in the event of the involuntary unemployment of the debtor, or both. A commercial bank may be licensed to sell insurance or act as an insurance broker as provided in Section 1208 of the Financial Code. . . . H] (c) ‘Subsidiary’ means any corporation, association, or partnership, owned in whole or part by a bank or bank holding company.” (See Stats. 1984, ch. 922, § 1, pp. 3088-3089.)
 

 [3]
 

 Financial Code section 1208 provides: “A commercial bank located in a place the population of which does not exceed 5,000 persons according to the most recent official federal or state census may act as agent for any fire, life, or other insurance company authorized to do business in California by soliciting and selling insurance and collecting premiums and may receive for such services such fees and commissions as may be agreed upon with the insurance company if the bank is engaged in such business on October 1, 1949, and is duly licensed under the Insurance Code, and may act also as the broker or agent for others in making or procuring loans on real property located within 100 miles of the place in which the bank is located and may receive for such services a fee or a commission if it is engaged in such business on October 1, 1949, and is duly licensed. In engaging in either of such businesses the bank shall comply with all rules and regulations of the superintendent relating thereto and shall not guarantee either the principal or interest of any loan procured by it as broker or agent or assume or guarantee the payment of any premium on insurance policies written through it as agent or broker or guarantee the truth of any statement made by an insured in filing an application for insurance.”
 

 [4]
 

 Financial Code section 772 in its entirety provides: “(a) Notwithstanding the provisions of Section 1335, and subject to such regulations and rules as the superintendent may prescribe, a bank may invest in the capital stock, obligations, or other securities of one or more corporations. [¶] (b) No such corporation may act as an insurance company, insurance agent, or insurance broker. This prohibition shall not be deemed to exclude other possible restrictions with respect to the activities of such corporations.”
 

 [5]
 

 In other ballot materials the supporters of Proposition 103 state that with respect to insurance the initiative establishes a “new set of rules to create a competitive marketplace and prohibit excessive rates.”
 

 [6]
 

 Plaintiffs argue the ballot summary provides little detail regarding the kind or extent of insurance activities authorized for banks by Proposition 103. In our view, the connection between the ballot summary language regarding banks and Proposition 103’s repeal of Insurance Code section 1643 compensates for any lack of detail in the ballot summary.
 

 [7]
 

 In the trial court plaintiffs argued: “The repeal of [Insurance Code] Section 1643 removes state licensing barriers with respect to financial institutions that are not otherwise prohibited from selling insurance. State banks and bank subsidiaries generally remain precluded from insurance activities under [Financial Code] Section[ ] 1208 ... but the way is cleared for licensing those entities should the California [Legislature amend the banking laws to permit it. Similarly, there now is no state-law prohibition against licensing national banks ... as insurance agents or brokers; they may apply for such licenses if and when federal law is amended to allow those activities. [¶] There is nothing inherently irreconcilable in clearing barriers under one statutory scheme but having to await further legislative action under another statutory scheme to implement the contemplated changes fully.”
 

 [8]
 

 Insurance Code section 1643, subdivision (c) defined a subsidiary as any corporation owned in whole or in part by a bank; i.e., to be a subsidiary under that section, it was not necessary that a corporation be wholly owned or even controlled by a bank. Thus, under Financial Code section 772, any corporation in which a bank has invested was necessarily a bank subsidiary as defined in Insurance Code section 1643.
 

 [9]
 

 Plaintiffs argue certain statements made by the trial court in its ruling indicate the court did not apply the strict presumption against repeals by implication. The standard employed by the trial court is irrelevant. The issues presented in this proceeding involve pure questions of law and on review we are not bound to give deference to the trial court’s reasoning.
 

 [10]
 

 Elections Code section 3570 provides in relevant part: “The ballot pamphlet shall contain [¶] (b) A copy of the specific constitutional or statutory provision, if any, which would be repealed or revised by each state measure.”