[No. C031399. Third Dist. Aug. 18, 1999.]

CJS COMPANY et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD AND GARY FONG,
Respondents.

**COUNSEL**

Law Office of Joseph J. Barlupo and Joseph J. Barlupo for Petitioners.

Mastagni, Holstedt & Chiurazzi and Kim Gorre Cantil for Respondents.

**OPINION**

**DAVIS, J.**—The Workers' Compensation Appeals Board (Board) granted reconsideration and reversed the decision of its hearing officer, concluding the compensation claim of applicant Gary Fong was not barred for failure to satisfy the conditions of compensation in Labor Code section 3600 (undesignated section references are to this code). The petitioners (employer CJS Company and insurer California Indemnity Insurance) sought a writ of review of the Board's decision on this narrow legal issue. We issued the writ. After plenary review of the matter, we shall affirm the decision.

### BACKGROUND

The pertinent facts are few and undisputed. While driving a truck in the course of his employment in August 1996, applicant Fong crashed into a

truck stopped in front of him in rush-hour traffic. He reported the accident to his employer. Applicant Fong quit his employment in September 1996. He filed an application for benefits in June 1997, alleging for the first time an industrial injury to his back from the August 1996 accident.

The hearing officer did not find the applicant to be a credible witness regarding the accident or the industrial nature of his injuries. However, the hearing officer denied benefits solely by authority of subdivision (a)(10) of section 3600, which provides in pertinent part, "[W]here the claim for compensation is filed after notice of termination or layoff ["the notice"], *including voluntary layoff,* and the claim is for an injury occurring prior to the time of [the] notice . . . , no compensation shall be paid unless the employee demonstrates . . . (A) The employer [knew] . . . of the injury . . . prior to the notice . . . [;] (B) The employee's medical records, existing prior to the notice . . . , contain evidence of the injury[;] (C) The date of injury . . . is subsequent to the date of the notice . . . , but prior to the effective date of the termination or layoff[; or] (D) the date of injury [from an occupational disease or cumulative injury] . . . is subsequent to the date of the notice . . . ." (Italics added, paragraphing deleted.)

The applicant filed for reconsideration. Although the hearing officer recommended against it, the Board granted reconsideration and concluded the statute does not apply to voluntary resignations.

### DISCUSSION

In essence, the petitioners rely on legislative materials indicating the purpose of enacting section 3600, subdivision (a)(10) in 1993 was to protect employers and insurers from spurious claims first filed by disgruntled employees after being fired or laid off. (See *Helmsman Management Services* v. *Workers' Compensation Appeals Board* (1998) 63 Cal.Comp.Cases 858, 859 [summary of panel decision].) They argue we should construe the phrase "voluntary layoff" in the statute (highlighted above) to include *resignations* so that postresignation claims would bear the same burden in establishing compensability as claims first made after notice of termination or layoff for pre-notice injuries. Our reading of the statute is to the contrary.[1]

"Our beginning point is the language of the statute itself. If it is clear and unambiguous, we should not indulge in any effort to 'interpret' it."

---

[1]We concur with the cogent analysis appearing in the Board's decision in *Mabe* v. *Mike's Trucking* (1998) 63 Cal.Comp.Cases 1394 (cited in the Board's decision in the present matter), which we accord respectful but nondeferential weight in its interpretation of its governing statutes (*State Compensation Ins. Fund* v. *Brown* (1995) 32 Cal.App.4th 188, 199 [38 Cal.Rptr.2d 98]). Our opinion thus tracks *Mabe.*

(*Traverso* v. *People* ex rel. *Dept. of Transportation* (1996) 46 Cal.App.4th 1197, 1204 [54 Cal.Rptr.2d 434].)

In our review of a statute, we must presume a commonsense meaning in the language employed by our coordinate branch of government. (*People* v. *Catelli* (1991) 227 Cal.App.3d 1434, 1448 [278 Cal.Rptr. 452].) ▮▮ The expression "voluntary layoff" (a virtual oxymoron) is an unusual one. It is not one ordinarily used as a synonym for the more direct and common term "resignation." (See Black's Law Dict. (6th ed. 1990) p. 888, col. 2 [defining the term layoff as "A termination of employment at the will of employer . . . ."].) Thus, the plain meaning of the statute does not embrace voluntary resignations.

▮▮ It is a further tenet of intrinsic interpretation that we must give significance to every word, phrase, sentence, and part of a provision in pursuing legislative intent. (See *People* v. *Hicks* (1993) 6 Cal.4th 784, 796 [25 Cal.Rptr.2d 469, 863 P.2d 714]; *Sanford* v. *Garamendi* (1991) 233 Cal.App.3d 1109, 1119 [284 Cal.Rptr. 897].) ▮▮ Other paragraphs of section 3600, subdivision (a)(10) we did not quote above state, "an employee *provided* notice pursuant to [various sections] . . . of the Education Code shall be considered *to have been provided* a notice of termination or layoff only upon a district's final decision not to reemploy that person" and "The issuance of frequent notices of termination or layoff *to* an employee shall be considered a bad faith . . . action and shall make this paragraph inapplicable . . . ." (Italics added.) As these specific applications of the statute involve only employer-initiated separations from employment and there are no specific references to employee-initiated separations, we should infer a concern only with employer-initiated separations throughout the subdivision.

Resort to extrinsic indicia of intent supports this interpretation. The Legislature has employed the concept of voluntary layoff in at least one other context as being distinct from a resignation. An individual is disqualified from benefits for unemployment if that individual voluntarily resigns without good cause; however, a more senior employee who elects to be included in an employer-mandated layoff in place of less senior employees (under a collective-bargaining agreement providing such an option) is deemed to have good cause for such a separation from employment. (Unemp. Ins. Code, § 1256.) As explained in *Stanford* v. *Unemployment Ins. Appeals Bd.* (1983) 147 Cal.App.3d 98 [195 Cal.Rptr. 1], this "voluntary layoff" (*id.* at p. 101) is still an involuntary reduction in force instituted at the employer's prerogative; that the employees may decide amongst themselves who is to bear the burden of the layoff does not make the departure a voluntary resignation (*id.* at pp. 103-104).

It is not enough for the petitioners merely to cite legislative concern with fraudulent claims. The Legislature may well have concluded that it is only fired or laid-off employees who are sufficiently motivated to retaliate with a fraudulent claim. Alternatively, we must keep in mind that the end product of the legislative process is frequently a compromise; we should therefore hesitate to interpret language restricting the right to benefits as having universal application when the Legislature itself specified only certain categories of former employees.

Nothing on the face of the statute or in extrinsic sources supports the petitioners' interpretation. We thus agree with the Board that it does not apply to employees who resign voluntarily. (We express no opinion on resignations which are constructive firings.)

### DISPOSITION

The decision of the Board is affirmed.

Scotland, P. J., and Kolkey, J., concurred.