[No. C022288. Third Dist. Oct. 18, 1996.]

In re the Marriage of DONALD and LYNNETTE A. CARLSEN.
DONALD CARLSEN, Appellant, v.
LYNNETTE A. BERRY, Respondent.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976(b) all of this opinion except part III of the Discussion is certified for publication.

214

**COUNSEL**

Harvey & Harvey and Dennis Harvey for Appellant.

Fuller & Hames and Monica C. O'Neil for Respondent.

**OPINION**

**DAVIS, J.**—In the course of responding to Donald Carlsen's motion to modify their visitation agreement, Lynnette Berry moved to modify Carlsen's child support obligation. Based on the declarations of the parties, the trial court awarded an increase in child support from $950 to $2,029 per month. Without benefit of a statement of decision, Carlsen appeals. In the

published part of the opinion, we agree the trial court improperly credited Berry with a hardship allowance (Fam. Code, §§ 4071-4073; undesignated section references will be to this code), but reject Carlsen's claim that the court violated section 4057.5 when it considered the income of Berry's new spouse in determining the tax rate to which Berry's income would actually be subject. In the unpublished part, we reject his claim the trial court erred in failing to depart from the support guidelines prescribed by section 4055. We shall reverse.

## STANDARD OF REVIEW

■ An order modifying child support is reviewed for an abuse of discretion. (*In re Marriage of Kepley* (1987) 193 Cal.App.3d 946, 951 [238 Cal.Rptr. 691].) However, the determination of whether the criteria are present to permit application of a hardship deduction is reviewed for substantial evidence. (*In re Marriage of Paulin* (1996) 46 Cal.App.4th 1378, 1382 [54 Cal.Rptr.2d 314].)[2] ■ In the absence of a statement of decision, we must assume the trial court made any finding of fact necessary to sustain the judgment for which supporting evidence exists in the record. (*In re Marriage of Aninger* (1990) 220 Cal.App.3d 230, 238 [269 Cal.Rptr. 388]; *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 649 [253 Cal.Rptr. 770].) We shall incorporate into the discussion the facts pertinent to each of Carlsen's contentions.

## DISCUSSION

## I

## A

As the sole basis for her motion to modify child support, Berry cited a substantial increase in Carlsen's income (resulting from his second job as a professional football referee) since the prior support order. In her supporting income and expense declaration, she did not complete the portion of the

---

[2]Although *Paulin* does not expressly segregate these separate standards of review, the analysis does apply the substantial evidence standard to the finding of extreme financial hardship. As we have previously explained, the "substantial evidence" standard applies when reviewing the quantum of proof adduced at a hearing to determine if the elements necessary to support a judgment are present, while the "abuse of discretion" standard reviews only whether the trial court's resolution is within the range of options allowed by the relevant criteria. (*Cal-State Business Products & Services, Inc.* v. *Ricoh* (1993) 12 Cal.App.4th 1666, 1680 [16 Cal.Rptr.2d 417].) Because the trial court cannot invoke a hardship deduction absent the element of extreme financial hardship, review of this aspect of its ruling is subject to "substantial evidence" review. The *amount* of the deduction—like the amount of support generally—then falls within the court's discretion.

Judicial Council form requesting a deduction for itemized "justifiable expenses that have caused an extreme financial hardship."[3]

According to the minute order for the initial hearing, "Court makes findings as to the father's income. The issue of child support is taken under submission. Counsel will provide the court with points and authorities."[4]

Berry's posthearing briefing did not identify any issue of financial hardship except to claim Carlsen should pay her legal fees because they were "an extreme financial drain." However, she included an exhibit using the default settings of the so-called "DissoMaster" software to calculate child support that contained an entry for a hardship deduction of $2,034. Carlsen's briefing explicitly disputed the inclusion of any hardship deduction. He argued the expenses of twin sons born to Berry and her present husband could be met by the income of her new spouse.

After a May 26 hearing, the court issued its support order. The order itself did not address the hardship deduction in any respect. A DissoMaster printout incorporated by the order contained an entry of $2,029 in the hardship category. We attach a copy of this printout as an exhibit to this opinion.

### B

In calculating the net disposable income of parents for purposes of the section 4055 support formula, a trial court is authorized to make a deduction from gross income "for hardship, as defined by Sections 4070 to 4073, inclusive, and applicable published appellate court decisions." (§ 4059, subd. (g).) Section 4070 states, "If a parent is experiencing *extreme* financial hardship due to justifiable expenses resulting from the circumstances enumerated in Section 4071, on the request of a party, the court may allow the income deductions . . . necessary to accommodate those circumstances." (Italics added.) As noted above, among the statutory circumstances evidencing hardship are "[t]he minimum basic living expenses of either parent's natural . . . children for whom the parent has the obligation to support from other . . . relationships who reside with the parent. The court, on its own motion or on the request of a party, may allow these income deductions as necessary to accommodate these expenses . . . ." (§ 4071, subd. (a)(2).) The maximum amount of this category of hardship expenses "may be equal

---

[3]Tracking the language of section 4071, the form lists three categories of expenses: extraordinary health care costs, uninsured catastrophic losses, and the minimum basic living expenses of resident dependent minor children from other relationships.

[4]Apparently, the sole evidence considered at the hearings on this support motion was the income and expense declarations. Therefore, neither party has requested a transcript of the hearings.

to, but shall not exceed, the support allocated each child subject to the order." (*Id.*, subd. (b).) If the court decides to allow a hardship deduction, "the court *shall do both of the following*:
"(1) *State the reasons* supporting the deduction *in writing or on the record.*
"(2) Document the amount of the deduction *and the underlying facts and circumstances.*
"(b) Whenever possible, the court shall specify the duration of the deduction." (§ 4072, italics added.)

■ Carlsen argues there is no evidence to support a hardship deduction in this record. While we agree, there is a more fundamental flaw in the support order—its failure to comply with the requirements of section 4072 prescribing express findings by the trial court. The rules applied in the absence of a statement of decision do not cure this problem. The Legislature has determined it is the obligation of the trial court to identify in a support order the evidence on which it bases its decision to allow a hardship deduction and its reasons for allowing it, as well as the duration of the deduction where feasible. (*In re Marriage of Kepley, supra,* 193 Cal.App.3d at p. 952 [findings required by predecessor to section 4072]; 1 Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 1996) ¶¶ 6:498, 6:500, pp. 6-142 to 6-143.)

Berry argues the DissoMaster printout satisfied the statutory requirement for findings. The fact this piece of paper results from calculations performed by a computer after the trial court inputs the figures the court has exercised its discretion to select does not imbue the printout with any greater talismanic value than if the trial judge had performed the calculations in her head and wrote down the resulting figures. The *amount* of the hardship deduction is a mere *conclusion*. What the Legislature has prescribed in section 4072 is an articulation of the *reasoning* by which the court has determined that the minimum basic living expenses of resident dependent minors from other relationships constitute a hardship rather than an expense the custodial parent is expected to bear without assistance from the obligor parent.[5]

This leaves the question of the nature of the trial court's error. Many considerations favor terming a failure to make prescribed findings "reversible per se." ■ The purpose in requiring findings is to demonstrate to a

[5]If the minimum basic living expenses of other-relationship resident dependent minors were to be considered as a matter of course, they would have been included among the standard deductions in section 4059. Thus, the Legislature has limited the deduction for hardship to the unusual situation, such as where the custodial parent does not receive any support for these children or the reasonable minimum living expenses are unusually high in the context of the family's income. (*In re Marriage of Paulin, supra,* 46 Cal.App.4th at pp. 1382-1383.)

losing party the possible futility of any appeal, and to focus the appellate review on the pertinent portions of the record underlying the trial court's determination. (Cf. *Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129-1130 [210 Cal.Rptr. 114]; Code Civ. Proc., § 632.) Required findings are also intended to ensure that the trial court does not abuse its power to act only in the exceptional case. (Cf. *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531 [53 Cal.Rptr.2d 789, 917 P.2d 628]; Pen. Code, § 1385; *West Coast Development* v. *Reed* (1992) 2 Cal.App.4th 693, 705-706 [3 Cal.Rptr.2d 790]; Code Civ. Proc., § 128.5.)

Nonetheless, we are enjoined by our Constitution from imposing a reversible-per-se rule here. (Cal. Const., art VI, § 13.) Unlike statements of decision, the Legislature has not precluded us here from implying findings. (Cf. Code Civ. Proc., § 634.) Nor do we have the constitutional due process concerns presented by the imposition of sanctions (*West Coast Development* v. *Reed, supra,* 2 Cal.App.4th at p. 705), or the need to protect against "corrupt" judicial interference with the criminal process (*People* v. *Orin* (1975) 13 Cal.3d 937, 944 [120 Cal.Rptr. 65, 533 P.2d 193]). ■■ Thus, we determine here if the trial court's failure to include express findings was nonprejudicial.

It was not. There is no evidence in the declarations supplied by Berry from which we can infer the necessary findings, nor is there any reporter's transcript. The sole reference to the hardship deduction appears as an entry in Berry's proffered DissoMaster printout without comment. We thus have no basis for determining the basic minimum living expenses attributable to the new children, or whether the hardship deduction should be for a limited duration. We will accordingly reverse the allowance of the deduction as unsupported.

There is no indication the trial court would resolve any differently on remand the issues underlying Carlsen's other arguments. In the interest of judicial economy, we thus address them in the present appeal for guidance in subsequent proceedings.

II

■■ Because Berry's tax status is "married filing jointly," the calculations of her net disposable income include her new spouse's income for the purpose of determining her tax rate. Renewing the argument made in his trial court briefing, Carlsen argues section 4057.5 precludes this use of the new spouse's income.

The Legislature added section 4057.5 after its enactment of the Family Code. It provides in pertinent part, "(a)(2) The income of the obligee

parent's subsequent spouse . . . shall not be *considered* when determining or modifying child support . . . ." (Italics added.) Broadly read, one "considers" the income of Berry's new husband in calculating Carlsen's support obligation because it is part of the determination of Berry's income tax rate. However, it is our obligation to construe a statutory scheme as a whole, harmonizing its components. (*Sanford* v. *Garamendi* (1991) 233 Cal.App.3d 1109, 1119 [284 Cal.Rptr. 897].) In its definition of net disposable income, the Legislature directed trial courts to deduct from annual gross income "the *actual* amounts attributable to the following items . . . [¶] (a) The state and federal income tax liability resulting from the parties' taxable income. . . . State and federal income taxes shall be those *actually payable* . . . after considering appropriate filing status . . . ." (§ 4059, italics added.) Thus, the income of a new spouse must be "considered" to the extent it is necessary to determine the obligee spouse's *actual* (and appropriate) tax rate.

The Legislature's object in adding section 4057.5 was to change previously existing law under which a court could depart from child support guidelines if there was "income of a parent's subsequent spouse . . . which *helps meet that parent's basic living expenses, thus increasing that parent's disposable income.* [¶] This bill would delete this factor, and instead provide that the income of the . . . subsequent spouse . . . shall not be considered when . . . modifying child support, except as specified." (Legis. Counsel's Dig., Sen. Bill No. 145, Stats. 1993 (Reg. Sess.) ch. 935, italics added.) The use of a subsequent spouse's income to determine the actual income tax rate to which the parent's income would be subject does not violate this concern, because the subsequent spouse's income is not being used to subsidize the parent's expenses in any way. Since Carlsen does not dispute the accuracy of the tax liability computed when using the new spouse's income to set the rate, there is no error in the support order in this regard.

III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

DISPOSITION

The judgment is reversed. Neither party shall recover costs of appeal or attorney fees expended on appeal.

Blease, Acting P. J., and Scotland, J., concurred.

---

*See footnote 1, *ante*, page 212.

APPENDIX

File: CARLSEN          DissoMaster(tm) V.95-1

| CARLSEN | H | W | DissoMaster(tm) | | V.95-1 | | (c)1995 CFLR |
|---|---|---|---|---|---|---|---|
| # of kids | 0 | 2 | Input: | MONTHLY | 00:01:13 | | GDLN PROP |
| % time w/NCP | 29% | 0% | Tactic: | 8(f) | COMBINED | | |
| Fil status | SINGLE | MFJ-› | Year: | 1995 | Comb net spendable | 5537 | 5849 |
| # fed exempt | 3 | 4 | | | Percent change | 0% | 6% |
| Wages+salary | 8863 | 661 | Settngs=Default | | HUSBAND pays | GDLNCS | PROPPS |
| Self-emp inc | 0 | 83 | | | Paymt cost/benefit | -2029 | -1831 |
| Other taxabl | 0 | 0 | FC 4055 CS | /U | Net spendable inc | 3509 | 3706 |
| AFDC+CS recd | 0 | 0 | S.Clara SS | /A | Change from GDLN | 0 | 197 |
| Oth nontaxbl | 0 | 0 | Nets:Adjusted | | % of combined net | 63% | 63% |
| New sps inc | 0 | 2350 | Husb | 5537 | % of savng ovr GDLN | 0% | 63% |
| IRA+Keogh | 0 | 0 | Wife | 0 | Total taxes | 2900 | 1628 |
| SS pd prev m | 0 | 0 | Comb | 5537 | Dep exemption value | 132 | 119 |
| CS pd prev m | 0 | 0 | | | # withhold allows | 8 | 23 |
| Health insur | 0 | 0 | ChCare | 0 | Net wage paycheck | 5956 | 6998 |
| Oth med exp | 0 | 0 | GDL CS | 2029 | WIFE | | |
| Prop tax exp | 83 | 146 | GDL SS | 0 | Paymt cost/benefit | 2029 | 2143 |
| Interest exp | 430 | 295 | Total | 2029 | Net spendable inc | 2029 | 2143 |
| Contrib exp | 0 | 0 | | | Change from GDLN | 0 | 114 |
| Misc itemizd | 0 | 0 | PROP: | | % of combined net | 37% | 37% |
| Union dues | 0 | 0 | NonDed | 0 | % of savng ovr GDLN | 0% | 37% |
| Mand retrmnt | 426 | 36 | Deduct | 3103 | Total taxes | 567 | 1528 |
| Hardship ded | 0* | 2029* | Total | 3103 | Dep exemption value | 65 | 119 |
| Oth GDL deds | 0 | 0 | Saving | 311 | # withhold allows | 5 | 3 |
| Add-ons(CCE) | 0 | 0 | Release | 2 | Net wage paycheck | 706 | 706 |

Date: 06/13/95     Time: 11:42:24        Tax year:1995        Tactic: 8(f)

Brislain & O'Neil
Attorneys at Law